Daniel J. McCarthy, III
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, Illinois 60527
(630) 655-6000 Telephone
(630) 655-9808 Facsimile
djm@gsrnh.com
Attorney for Latitude 63 North, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| LATITUDE 63 NORTH, INC., an Alaska corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Case No. |

**<u>COMPLAINT FOR REFUND OF FEDERAL EMPLOYMENT TAXES (EMPLOYEE RETENTION CREDIT)</u>**

---

## NATURE OF THE ACTION

1. Plaintiff LATITUDE 63 NORTH, INC., an Alaskan corporation ("Plaintiff") brings this civil action against the United States of America pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1) to recover federal employment tax refunds attributable to the Employee Retention Credit ("ERC") established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), as subsequently amended.

2. Plaintiff timely filed administrative refund claims with the Internal Revenue Service ("IRS") seeking ERC refunds totaling $180,442.57 for the calendar quarters identified below.

3. The IRS disallowed Plaintiff's refund claims, notwithstanding Plaintiff's entitlement to the claimed credits under applicable law.
4. Plaintiff seeks recovery of $180,442.57, together with statutory interest and such other relief as the Court determines appropriate.

**PARTIES**

5. Plaintiff LATITUDE 63 NORTH, INC. is an Alaska corporation with its principal place of business located at 725 Christensen Drive, Suite 6, Anchorage, Alaska 99501.
6. Plaintiff was an eligible employer for purposes of the ERC during the relevant calendar quarters.
7. Defendant United States of America is the proper defendant in this action pursuant to 26 U.S.C. § 7422(f)(1).

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(1), which authorizes federal district courts to adjudicate qualifying actions for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected, or sums wrongfully collected under the internal revenue laws.
9. Plaintiff duly filed administrative refund claims with the IRS in accordance with 26 U.S.C. §§ 6511 and 7422(a), and applicable Treasury Regulations.
10. Plaintiff satisfied the applicable statutory prerequisites to this action under 26 U.S.C. § 6532(a).
11. The IRS mailed notices of disallowance on October 19, 2024. This action is commenced within the applicable two-year limitations period, as extended by any valid written agreement under 26 U.S.C. § 6532(a)(2).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(a)(2), because Plaintiff is a resident of this district for purposes of that provision.

## FACTUAL ALLEGATIONS

### A. Background of the Employee Retention Credit

13. Congress enacted the ERC under Section 2301 of the CARES Act to provide refundable employment tax credits to qualifying employers affected by the COVID-19 pandemic.

14. The ERC was subsequently modified and extended by additional federal legislation, including the Consolidated Appropriations Act, 2021, and the American Rescue Plan Act of 2021.

15. For the relevant periods, qualifying employers could claim ERC benefits based on applicable eligibility requirements, including a significant decline in gross receipts or qualifying governmental orders suspending business operations.

### B. Plaintiff's Eligibility for the ERC

16. During the third quarter ending September 30, 2021 (Q3 – 2021), Plaintiff operated a business engaged in the hotel and hospitality business.

17. Plaintiff satisfied the applicable ERC eligibility requirements because Plaintiff experienced the required decline in gross receipts.

18. Plaintiff incurred qualified wages during the relevant calendar quarters.

19. Plaintiff calculated its ERC entitlement in accordance with the applicable statutory requirements, including the relevant limitations and coordination provisions.

### C. Administrative Refund Claims

20. Plaintiff filed Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, seeking ERC refunds for the following periods:

| Calendar Quarter | Date Form 941-X Filed | Refund Claimed |
|---|---|---|
| Q3 2021 | 08/14/2023 | $180,442.57 |
| **Total** | | **$180,442.57** |

21. Plaintiff's administrative claims identified the grounds for the requested refunds and provided the information required by applicable law.

22. The IRS received Plaintiff's administrative refund claims on or about August 14, 2023.

**D. IRS Disallowance and Subsequent Proceedings**

23. On October 19, 2024, the IRS issued notices disallowing Plaintiff's ERC refund claims for September 30, 2021 (Q3 – 2021).

24. The stated basis for disallowance was as follows: based on a review of IRS records, Plaintiff was not an "Eligible Employer" for purposes of the ERC for the period at issue, there was no government order related to COVID-19 in effect for the quarter in which the Plaintiff claimed the ERC which could have fully or partially suspended Plaintiff's trade or business, and that the Plaintiff did not meet the required decline in gross receipts.

25. As of the filing of this Complaint, the IRS has not issued the refunds claimed in this action.

26. Plaintiff has satisfied all applicable administrative and statutory prerequisites to maintaining this refund action.

## COUNT I — RECOVERY OF FEDERAL EMPLOYMENT TAX REFUNDS

## 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1)

27. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

28. Plaintiff was entitled to the ERC for the calendar quarters identified above under the applicable provisions of federal law.

29. Plaintiff properly calculated and timely claimed refundable employment tax credits totaling $180,442.57.

30. Plaintiff duly filed administrative refund claims identifying the amounts and grounds for the refunds sought in this action.

31. The United States has failed to refund the amounts properly due to Plaintiff.

32. Plaintiff is entitled to recover $180,442.57, or such other amount as may be established at trial, together with applicable statutory interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America;

B. Award Plaintiff a refund of federal employment taxes attributable to the ERC in the amount of $180,422.57, or such other amount as the Court determines is properly refundable;

C. Award statutory interest as permitted by 26 U.S.C. §§ 6611 and 6621;

D. Award costs and any other amounts recoverable under applicable law, including 26 U.S.C. § 7430, if the applicable requirements are satisfied; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

Respectfully submitted,

Daniel J. McCarthy, III
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
Attorney for Latitude 63 North, Inc.,
an Alaskan corporation

By: /s/ Daniel J. McCarthy, III
Daniel J. McCarthy, III
Alaska Bar Number: 2105041

2198198.1